UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIN PAPKEE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:20-cv-00006-DBH |
| | ) | |
| MECAP, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

RECOMMENDED DECISION ON PLAINTIFF'S
MOTION TO DISMISS & FOR SANCTIONS

In this employment action, the plaintiff contends that the defendants have provided insufficient discovery disclosures and responses and asks the court to dismiss their counterclaims with prejudice and impose evidentiary sanctions. *See* Plaintiff's Motion to Dismiss Defendants' Counterclaims and for Sanctions for Failure to Produce Discovery Ordered by the Court ("Motion") (ECF No. 28). The defendants agree that their counterclaims should be dismissed but argue against dismissing with prejudice and/or imposing preemptive evidentiary sanctions. *See* [Defendants'] Response to Dismiss Counterclaims and For Sanctions ("Response") (ECF No. 29). Because I conclude that the defendants' discovery noncompliance warrants some sanctions but was not so egregious as to justify dismissal with prejudice, I recommend that the court dismiss their counterclaims without prejudice and order that they be precluded from introducing any evidence that they should have provided to the plaintiff during discovery.

## I. Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 37, a court may sanction litigants for failing to make required disclosures or otherwise cooperate in the discovery process. *See Companion Health Svcs. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012) (noting that Rule 37 provides "a veritable

arsenal of" discovery sanctions (citation and internal quotation marks omitted)).  In appropriate circumstances, a court may prohibit a litigant "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Similarly, Rule 37 directs that a litigant's failure to provide a party opponent with the information required in an initial disclosure will foreclose the use of the undisclosed information and witnesses at hearings and trials.  *See* Fed. R. Civ. P. 37(c)(1).

In more serious instances of discovery noncompliance, a court may also strike "pleadings in whole or in part," or dismiss actions "in whole or in part."  Fed R. Civ. P. 37(b)(2)(A)(iii), (v).  The First Circuit has indicated that dismissal as a sanction should be used cautiously, explaining that "[p]rior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it,"  *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39-40 (1st Cir. 2002) (citation and internal quotation marks omitted), and that such a sanction is only justified in cases where a litigant has engaged in "particularly egregious" discovery conduct, *Companion Health Svcs.*, 675 F.3d at 85.

## II. Background

In January 2020, the plaintiff filed a complaint against the defendants seeking relief for violations of the Fair Labor Standards Act, a Maine wage law, and the Maine Whistleblowers' Protection Act, as well as for tortious interference with a contract or economic advantage.  *See* Complaint (ECF No. 1).  After some issues with serving one of the defendants and an agreed-upon extension of time, the defendants filed their answers in July 2020 and asserted counterclaims of defamation against the plaintiff.  *See* Answer & Counterclaim of Defendant Scott Lalumiere (ECF No. 14); Answer & Counterclaim of Defendant [MECAP, LLC] (ECF No. 15).

According to the plaintiff, she first served the defendants with interrogatories and requests for production of documents in August 2020, but the defendants' responses, along with their initial disclosures, were deficient.  *See* Motion at 2.  The plaintiff outlined these deficiencies in a September 2020 letter to the defendants requesting supplemental responses to numerous interrogatories and document requests, as well as additional information about the defendants' disclosures.  *See* Exh. A to Motion.  Notably, the plaintiff indicated that the defendants had only produced 90 pages of documents and failed to turn over documents as basic as the plaintiff's personnel file. *See id.* at 4.

The plaintiff filed a request for a discovery dispute hearing in November 2020.  *See* Request for a Hearing Regarding a Discovery Dispute (ECF No. 24). At the hearing in December 2020, the plaintiff indicated that she was seeking a hard deadline for the defendants to supplement their discovery responses or to move forward with the understanding that the limited information they had provided was all that they were going to present for evidence in the case.  The defendants did not disagree with the plaintiff's characterization of their discovery responses but emphasized that they were not trying to stonewall her.  Rather, they pointed out that the defendant business had shut down, a lender had taken over, and the individual defendant, Scott Lalumiere, had been having trouble gaining access to the business records.  They also noted that Lalumiere's efforts to return to Maine from his home in Maryland had been frustrated by family health issues and COVID-19 travel limitations but that he was planning to return to Maine for Christmas and would look for responsive records then.

The defendants further acknowledged that the plaintiff had a right to seek redress if they continued to be unable to supplement their responses after the court imposed a deadline for them to do so.  I indicated that a recent decision by Judge Nivison dealing with discovery sanctions

3

might be instructive in those circumstances.  *See U.S. Bank N.A., as Tr. for Specialty Underwriting & Residential Fin. Tr. Mortg. Loan Asset-Backed Certificates Series 2006-BC2 v. Thomes*, No. 2:19-cv-00477-JAW, 2020 WL 6393905, at *2 (D. Me. Nov. 11, 2020) (rec. dec., *aff'd* Nov. 30, 2020) [hereinafter *U.S. Bank N.A.*] (foreclosing a plaintiff who failed to respond to written discovery requests from presenting any evidence he was required to disclose during discovery at trial and in response to or support of a dispositive motion).

At the conclusion of the hearing, with the parties' input and without objection, I enlarged the parties' discovery deadline to March 2, 2021, and ordered the defendants to "supplement their initial disclosures and responses to the plaintiff's interrogatories and requests for production of documents . . . by no later than January 19, 2021."  Report of Hearing and Order re: Discovery Dispute (ECF No. 27) at 2.

### III.  Discussion

The plaintiff asserts that the defendants did not comply with this court's discovery order and failed to supplement their discovery disclosures and/or responses.  *See* Motion at 5.  She asks this court, therefore, to dismiss the defendants' counterclaims with prejudice and preclude them from offering any evidence that they failed to produce during discovery at trial and in response to or support of any dispositive motions.  *See id.* at 1; *see also* Fed R. Civ. P. 16(f)(1)(C) (providing that a court may order sanctions, including the sanctions provided in Rule 37, if a party "fails to obey a scheduling order or other pretrial order.").

The defendants concede that they were not able to supplement their discovery responses as ordered by the court, but aver that Lalumiere came to Maine and "made a diligent effort to locate documentation" without success and that their "failings are not the result of a failure to respect this Court or opposing counsel."  Response at 1.  They also "accept and acknowledge that they have

thus far been unable [to] devote the resources and attention necessary to pursue" their counterclaims and are willing to consent to a dismissal without prejudice. *Id.* They ask the court to defer ruling on the admissibility of any undisclosed evidence until they attempt to introduce any such evidence so that the court can weigh the fairness of admitting specific evidence. *See id.* at 2.

### A.  Dismissal With or Without Prejudice

Because the defendants consent to the dismissal of their counterclaims without prejudice, *see id.* at 1, the question becomes whether those claims should be dismissed with or without prejudice.[1]  The plaintiff argues for the former based on the defendants' continued failure to provide adequate discovery disclosures and responses even after being ordered to do so by this court and the negative effect that such failure has had on her ability to defend against the counterclaims. *See* Motion at 6.  The defendants argue for the latter, pointing out that "any effort" on their part to reassert their counterclaims would require court approval.[2]  *See* Response at 2.

As discussed above, the First Circuit has indicated that dismissal as a sanction should only be used where a party has engaged in "particularly egregious" discovery conduct. *Companion Health Svcs.*, 675 F.3d at 85.  Although I am troubled by the defendants' noncompliance with my discovery order, their inability to provide some very basic information to the plaintiff, and their admission that they have not devoted adequate time to the prosecution of their counterclaims, I find that their conduct falls short of being particularly egregious given that they have been stymied by the lender takeover of their business and COVID-19 related health issues and travel limitations.

---

[1]  In light of this consent, I need not and do not address the plaintiff's argument that the defendants' counterclaims should also be dismissed because they failed to plead defamation with sufficient particularity. *See* Motion at 7.
[2]  At oral argument, the plaintiff raised the possibility that if the defendants' counterclaims were dismissed without prejudice, they might try to bring them separately in the future.  Although I acknowledge the possibility, I am not persuaded that such speculative harm to the plaintiff warrants dismissal with prejudice.

*See id.* (holding that a court should consider a party's "significant and legitimate mitigating excuses" before imposing the harsh sanction of dismissal).

These mitigating circumstances, along with the fact that the defendants have stayed in communication with the plaintiff and the court, distinguish this case from the ones cited by the plaintiff in support of dismissal with prejudice. *See* Motion at 6-7; Plaintiff's Reply Memorandum in Support of Motion to Dismiss Defendants' Counterclaims and For Sanctions (ECF No. 30) at 2; *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 126-30 (1st Cir. 2011) (affirming dismissal with prejudice as a sanction where a plaintiff's conduct had caused "egregious delay" and she failed to appear for a deposition twice despite the court ordering her to do so); *Young v. Gordon*, 330 F.3d 76, 81-83 (1st Cir. 2003) (affirming dismissal as a sanction for a plaintiff's failure to abide by a court order to appear for his deposition where the plaintiff "had a documented history of disregarding the court's order and/or applicable rules"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46-48 (1st Cir. 2002) (affirming dismissal as a sanction where the plaintiff failed to communicate to the court a legitimate reason for its delay in assembling discovery); *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 41-43 (1st Cir. 1998) (affirming dismissal with prejudice as a sanction where the plaintiff "demonstrated a troubling lack of respect for the judicial process by failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest the magistrate judge had shown no interest in hearing his side of the story"); *Ruffin v. Cichon*, No. 2:17-cv-00152-NT, 2018 WL 3312962, *1 (D. Me. July 7, 2018) (rec. dec., *aff'd* Aug. 7, 2018) (dismissing a plaintiff's complaint with prejudice where he failed to comply with the court's order compelling discovery and did not respond to the defendant's motion to dismiss);

*Spinney v. Gray*, No. 1:17-cv-00061-NT, 2018 WL 651325, (D. Me. Jan. 31, 2018) (rec. dec., *aff'd*
Feb. 28, 2018) (same).[3]

Moreover, considering the totality of the circumstances, I conclude that the lesser sanctions
discussed below are adequate to address the prejudice to the plaintiff and deter similar
noncompliance in the future. *See Young*, 330 F.3d at 81 ("[D]ismissal should not be viewed either
as a sanction of first resort or as an automatic penalty for every failure to abide by a court order.
When noncompliance occurs, the ordering court should consider the totality of events and then
choose from the broad universe of available sanctions in an effort to fit the punishment to the
severity and circumstances of the violation.").

For these reasons, I recommend that the court dismiss the defendants' counterclaims with
their consent but without prejudice. *Cf. U.S. Bank N.A.*, 2020 WL 6393905, at *2 (declining to
dismiss a defendant's counterclaims, despite the defendant's "failure to respond to written
discovery requests and his failure to appear for his deposition").

## B.  Evidentiary Sanctions

Mitigating factors aside, the plaintiff has still been hampered in her ability to prosecute her
case by the defendants' failure to supplement their discovery disclosures and responses as ordered
by this court.[4]  She asks the court to impose sanctions on the defendants foreclosing them from
presenting any evidence they failed to produce at trial and in response to or support of any
dispositive motion. *See* Motion at 8-9.  The defendants argue that the court should defer ruling on
any such evidence unless and until they attempt to offer it. *See* Response at 2.

---

[3] Another decision cited by the plaintiff actually resulted in a dismissal *without* prejudice. *See* Motion at 7*; Maddocks v. Portland Police Dep't*, No. 2:15-cv-00168-JAW, 2017 WL 2623809, at *1 (D. Me. June 16, 2017).

[4]  The defendants' excuses, however legitimate, do not preclude this court from sanctioning them for their noncompliance. *See Young*, 330 F.3d at 82 ("[A] finding of bad faith is not a condition precedent to imposing" discovery sanctions).

Contrary to the defendants' arguments, the plaintiff is entitled to know now the evidence on which she is proceeding to trial. Indeed, that is the primary purpose of modern discovery. *See Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)) ("The purpose of discovery is to 'make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) ("The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies."); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2001 (3d ed. 2010) (noting that purpose of discovery is "to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify, and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial" (footnotes omitted)).

To leave the door open for the defendants to offer evidence they previously failed to produce during an extended discovery period would undermine the purpose of discovery. Additionally, the introduction of such evidence would prejudice the plaintiff, who would face surprise and/or be forced to seek the reopening of discovery. *See Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992) ("[T]he focus of a preclusion inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure."). That, in turn, would create further delay and waste limited judicial resources.[5]

---

[5] The defendants suggested at oral argument that they would be more amenable to the preclusive sanctions if they were made without prejudice to them seeking relief from the sanctions. I decline to add such language to my recommended decision on the basis that, if it is adopted, the court will have the power to modify it regardless of such language. *See Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990) (noting that a court has the discretionary power to alter an interlocutory order at any time before the entry of a final decree).

Furthermore, I previously informed the defendants at the December 2020 discovery conference that I might consider imposing sanctions like the ones imposed in *U.S. Bank N.A.* if they failed to supplement their discovery responses. *See S. New Engl. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (basing affirmance of a sanction in part on the court's warning that such a sanction would be imposed). In that case, this court foreclosed a defendant from introducing any evidence at trial and in response to or support of a dispositive motion that he should have provided to the plaintiff during discovery as a sanction for his failure to respond to the plaintiff's discovery requests or comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See U.S. Bank N.A.*, 2020 WL 6393905, at *2-3. Such sanctions are equally warranted in the circumstances of this case and are well-tailored to address the prejudice to the plaintiff resulting from the defendants' continued failure to supplement their disclosures and responses.

## IV. Conclusion

For the foregoing reasons, I recommend that the court **DISMISS** the defendants' counterclaims without prejudice. I further recommend that the court impose the following sanctions:

1. The defendants are foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that they were required to, but did not, provide in their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a), provided the information was not otherwise known to the plaintiff.

2. The defendants are foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that they were required to, but did not, provide

in response to the plaintiff's written discovery requests, provided the information was not otherwise known to the plaintiff.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of March, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge